**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

ANDREW R. PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

      Plaintiff

vs.

DVD II GROUP, LLC
D/B/A OPTIONS TRAVEL GROUP
901 ST. LOUIS STREET, 20TH FLOOR
SPRINGFIELD, MO 65806,

and

KEVIN KNASEL
1377 GREAT EGRET TRL
NAPLES, FL 34105

      Defendants.

Case No. 2:23-cv-00361-MMB

JURY TRIAL DEMANDED

---

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

      The Defendants in this lawsuit are the ones baiting-and-switching the Plaintiff, not the other way around. Plaintiff filed his request for entry of default because of Defendants' own misconduct for which they should not be rewarded. Although Plaintiff is willing to grant the Defendants until May 13, 2023 to respond to the lawsuit, the Defendants should be sanctioned for their misconduct in lying about the status of service to Plaintiff by being ordered to pay Plaintiff's costs and fees of service.

      Plaintiff's conduct in this case certainly does not justify the nearly ten-page motion filed by the Defendants. If counsel for the Defendants had even bothered to reach out to Plaintiff,

Plaintiff would have explained the situation and granted an extension contingent upon counsel paying the Plaintiff's costs and fees of service. But instead, BigLaw counsel for the Defendants decided to rack up billables and file a motion opposing Plaintiff's request for entry of default which Plaintiff would not have and does not oppose, provided Defendants pay Plaintiff's costs of service as sanctions for opposing counsel's misrepresentations. In so doing, Defendants waste both the Plaintiff's and this Court's time.

The facts of Plaintiff seeking entry of default are rather straightforward. Plaintiff filed this lawsuit on January 24, 2023 and sent it out for service with a process server around March 2. Plaintiff's process server informed Plaintiff that the individual defendant, Kevin Knasel, was being evasive and avoiding service. However, Plaintiff's process server was successful serving both Defendants on March 13, 2023. Plaintiff did not immediately receive the proof of service.

The day *after* Defendant was duly served, March 14, 2023, Plaintiff received an email, attached herein as Exhibit A, from Jacob Haskins, counsel for Defendants at the time. Mr. Haskins' email indicated that he was "made aware" of the lawsuit and inquired as to whether the Plaintiff would be willing to waive service. During a telephone call that same day, Attorney Haskins *lied to the Plaintiff* and stated that the Defendants had not been served. Accordingly, Plaintiff replied to Mr. Haskins and attached two proposed waivers of service for each Defendant. The email, which is attached as Exhibit A, explicitly confirmed Plaintiff's understanding that the Defendants had not been served and were being evasive.

Plaintiff would have no reason to send Defendants a waiver of service if he knew that the Defendants had already been served. It is an issue of first impression, and Plaintiff has not been able to locate any authority, holding whether a subsequently-filed waiver extends the answer deadline when a defendant has been properly served. Plaintiff contends that the waivers of

service in this case are a legal nullity, particularly as they were only emailed to counsel for Defendants and were not sent to or addressed to Defendants themselves.

On March 15, 2023, Plaintiff received the executed proofs of service together with invoices for $85 for service of each Defendant, attached herein as Exhibit B. Accordingly, upset because Defendants had lied to him, Plaintiff filed the proofs of service and then filed for an entry of default against Defendants. Additionally, for this reason, Plaintiff did not respond to inquiries from Mr. Haskins as to whether Plaintiff had received the service waivers and asking Plaintiff to confirm that the responsive pleading would be due on May 13, 2023. As a licensed attorney knowing full well he had been caught in a lie, Mr. Haskins should have understood that the proper service of his clients started the answer clock running and required him to respond on April 3, 2023.

Plaintiff proposes a reasonable resolution to this dispute. The Court should order Defendants to answer the Complaint on or before May 13, 2023. However, as sanctions for Defendants attempting to obtain a waiver of service through false pretenses, this Court should sanction the Defendants $170 for costs of service, pursuant to this Court's inherent power to sanction.

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' motion, extend the answer deadline to May 13, 2023, and order Defendants to pay Plaintiff $170 as sanctions arising from their lies regarding the status of service and attempts to get Plaintiff to send them a waiver of service under false pretenses.

Dated: **April 18, 2023**

_____/s/_____

Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that on April 18, 2023, he filed the foregoing on the Court's Electronic Document Submission (EDS) system for *pro-se* litigants.

Dated: **April 18, 2023**

_____/s/_____

Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com