IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew R. Perrong,<br><br>    Plaintiff,<br><br>v.<br><br>DVD II Group, LLC and Kevin Knasel,<br><br>    Defendants. | Case No. 2:23-cv-00361-MMB<br><br>Hon. Michael M. Baylson |

**DEFENDANTS DVD II GROUP, LLC'S AND
<u>KEVIN KNASEL'S REPLY TO PLAINTIFF'S OPPOSITION</u>**

In his Response in Opposition to Defendant's Motion to Set Aside Entry of Default ("Plaintiff's Response"), ECF No. 8, Plaintiff Andrew R. Perrong ("Perrong" or "Plaintiff"): (1) agrees with Defendants DVD II Group, LLC and Kevin Knasel ("Defendants") that Defendants should have until May 13, 2023 to respond to the Complaint; (2) makes false accusations against Defendants' counsel Jacob Haskins; and (3) admits he ignored Mr. Haskins' repeated requests that he confirm receipt of the waiver of the service of summons forms ("Waiver Forms") he sent, all to gain a strategic advantage. In short, Perrong makes it clear that he had no reason to file his Request for Clerk's Entry of Default ("Request for Default"), ECF No. 6. The Court should deny the Request for Default and award Defendants the fees and costs they incurred in opposing it.

<u>First</u>, Perrong states explicitly that he "does not oppose" Defendants' Opposition to the Request for Default and agrees they should have until May 13, 2023 to respond to the Complaint—exactly as he agreed through the waiver of service. ECF No. 8 at 2. For that reason, and the reasons set forth in Defendants' Opposition, ECF No. 7, Perrong's Request for Default should be denied.

Second, this Court should reject Perrong's baseless allegations against Mr. Haskins and request for "sanctions." Perrong argues that a process server served Defendants on March 13, 2023, but that he did not receive the return of service forms until March 15, 2023. ECF No. 8 at 2–3. Perrong then inexplicably accuses Mr. Haskins of lying about service on Defendants. *Id.*

Perrong does not provide a declaration or any other support for his allegations against Mr. Haskins, nor any proof that Mr. Haskins knew service was allegedly effected. *See Webster v. Dollar Gen., Inc.*, 197 F. Supp. 3d 692, 705 (D.N.J. 2016) (finding claims insufficient where, "[a]side from these bare assertions, [there is] no factual or legal support"). That is because none exists. If Perrong had bothered to respond to Mr. Haskins' emails, he would have learned that Mr. Haskins was not aware of the process server's actions until after his correspondence with Perrong on March 14, 2023. Because Perrong asked Mr. Haskins to accept service on behalf of Defendants, Mr. Haskins reasonably assumed Perrong had not yet served them. Decl. of B. Jacob Haskins ("Haskins Decl.") ¶ 6. Mr. Haskins then made multiple good faith efforts to confirm service with Perrong. After receiving the Waiver Forms from Perrong on March 14, 2023, and returning them on March 20, 2023, Mr. Haskins emailed Perrong two additional times to confirm receipt of the Waiver Forms. *Id.* ¶¶ 8–10. Perrong chose to ignore Mr. Haskins. *See* ECF No. 8 at 3 (stating that he "did not respond to inquiries from Mr. Haskins").

Indeed, Mr. Haskins had no reason to doubt Perrong's request for the Waiver Forms because Perrong ignored Mr. Haskins' emails and waited three weeks to file the Affidavit of Service. *See* ECF No. 5 (Affidavit of Service, filed April 4, 2023). That same day, Perrong filed his Request for Default.

Perrong's efforts to gain an advantage did not end there. On the day that Defendants filed Defendants' Opposition, I reached out to Perrong and requested that he withdraw his

Request for Default and confirm that Defendants had until May 13, 2023 to respond to the Complaint. As he had done with Mr. Haskins, Perrong ignored my email and then filed Plaintiff's Response, complete with the unfounded accusations against Mr. Haskins.

<u>Third</u>, it is Perrong's conduct that is sanctionable, not Defendants'. The parties could have avoided the motion practice that Perrong admits is completely unnecessary if he had simply responded to Mr. Haskins' emails or to mine. For these reasons, Defendants respectfully request that the Court order Perrong to pay Defendants' fees and costs in connection with opposing his Request for Default. *See Scotto v. Suisse*, Civil Action No. 22-CV-1176, 2022 U.S. Dist. LEXIS 79765, at *11 (E.D. Pa. May 3, 2022) (noting that a district court has "inherent power to 'fashion an appropriate sanction for conduct which abuses the judicial process'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991))). For all of the foregoing reasons and those stated in Defendants' Opposition, this Court should deny Perrong's Request for Default and award Defendants their fees and costs of opposing the Request for Default.

Respectfully submitted,

Dated: April 24, 2023

<u>/s/ William B. Igoe</u>
William B. Igoe
**BALLARD SPAHR LLP**
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
T: 215-665-8500
F: 215-864-8999
igoew@ballardspahr.com

*Attorney for Defendants DVD II Group, LLC and Kevin Knasel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, I caused a true and correct copy of the foregoing to be filed via the Court's electronic filing system and served via USPS to:

Andrew R. Perrong
1657 The Fairway #131
Jenkintown, PA 19046

/s/ William B. Igoe