IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG,<br><br>Plaintiff,<br>v.<br><br>DVD II GROUP, LLC and KEVIN KNASEL<br><br>Defendants. | CIVIL ACTION<br><br>NO. 23-361 |

**MEMORANDUM RE: PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT AND SANCTIONS**

Baylson, J.                                                                                                                May 3, 2023

We all remember the old adage, "The pot can't call the kettle black." Although its origin is not known, it applies to this case.

**I.   SUMMARY OF FACTS, HISTORY OF SERVICE, AND BRIEFING**

Plaintiff Andrew Perrong brings an action pro se for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Pennsylvania Telemarketer Registration Act, 73 P.S. §§ 2241-49, against DVD II Group, LLC and Kevin Knasel (together, "Defendants"). Complaint (ECF 1). Plaintiff, a habitual litigant with extensive familiarity with the TCPA and court proceedings, has appeared before this Court in similar, but unrelated, actions. See Perrong v. Atom Property Solutions, 22-cv-2000 (E.D. Pa. Nov. 30, 2022) (Baylson, J.) (awarding civil judgment to Plaintiff pursuant to a request for default judgment).

As is often required to initiate a legal action, Plaintiff hired a service processor to serve the Complaint on the Defendants. Notice of Service (ECF 5). On March 13, 2023, the Defendants

1

were served by the service processor. Plaintiffs' Resp. Ex. 2 (ECF 8-2). On March 14, 2023, Mr. Haskins, counsel for Defendants, contacted Plaintiff informing Plaintiff that Mr. Haskins was authorized to waive service on the Defendants. Def. Opp. (ECF 7) at 2. According to Plaintiff, during a phone call later on March 14, Mr. Haskins allegedly informed Plaintiff that the Defendants had not yet been served. Pl. Resp. (ECF 8) at 2. Plaintiff provided Mr. Haskins with waiver of service forms on March 14; Mr. Haskins filled them out on March 15 and returned them to Plaintiff on March 20. Def. Opp at 2. However, on March 15, after receiving an invoice from his service processor, Plaintiff realized that the Defendants had already been served prior to Plaintiff's conversation with Mr. Haskins. Pl. Resp. at 2; Pl. Resp. Ex. 2.

Unilaterally determining that Mr. Haskins' alleged comment about Defendants not having been served was a lie,[1] Plaintiff then became so "upset" that he ignored all further communication with Mr. Haskins for several weeks (Pl. Resp. at 3) despite Mr. Haskins repeatedly reaching out to Plaintiff to confirm that Plaintiff had received the signed waiver of service forms and that the Defendants had 60 days (until May 13, 2023) to answer (Def. Opp. at 2). Instead of communicating with Mr. Haskins to resolve the issue or informing Mr. Haskins that he believed Defendants' answer was due on April 3, 2023 rather on May 13, 2023, Plaintiff, still "upset," waited in silence for the April 3, 2023 deadline to pass and then filed a Request for Default Judgment. Def. Opp. at 2; Request for Default J. (ECF 6); Pl. Resp. at 3.

Defendants filed a Brief in Opposition to Plaintiff's request, arguing that they are not in default because they had until May 13, 2023 to answer due to the waiver of service. Def. Opp.

---

[1] Plaintiff does not seem to account for the possibility that Mr. Haskins, like Plaintiff, did not become aware of the service on March 13 until after the phone call on March 14. Indeed, Defendants indicate this is exactly what happened. Def. Reply (ECF 9) at 2.

(ECF 7) at 3. The Clerk of Court did not enter default judgment. Docket, <u>Perrong v. DVD II Group, LLC</u>, 23-361 (E.D. Pa.) (dates between April 4 and April 13, 2023) (Balyson, J.).

Plaintiff responds, arguing that Defendants' opposition brief is "not justified,"[2] and that he does not oppose allowing the Defendants to answer by May 13, but requests sanctions due to Mr. Haskins' alleged "misconduct in lying about the status of service to Plaintiff." Pl. Resp. (ECF 8) at 1.

Defendants reply, arguing that Defendants' actions and the actions of their counsel were not sanctionable but instead reflected multiple good faith efforts to communicate with Plaintiff. Def. Reply (ECF 9) at 2-3. Defendants argue that Plaintiff's conduct, particularly ignoring Defendants' counsel's e-mails and attempts to communicate, is sanctionable and request that this Court award the Defendants the fees and costs accrued in opposing the Request for Default Judgment. <u>Id.</u> at 3.

II.     ANALYSIS

Given that default judgment was, wisely, not entered by the clerk of court and that both parties agree that Defendants intended to answer, default judgment is not appropriate here. Further, Plaintiff appears to have waived his request for default judgment. Pl. Resp. at 3. Plaintiff's Request for Default Judgment will therefore be denied, and the Defendants will be required to answer, move, or otherwise respond to the Complaint on or before May 13, 2023.

Sanctions against the Defendants and their counsel will be denied. Plaintiff has not shown that Mr. Haskins knowingly lied or attempted "to obtain a waiver of service through false

---

[2] Plaintiff makes much ado about Defendants' ten-page brief, saying that "if counsel for Defendants had even bothered to reach out to Plaintiff, Plaintiff would have . . . granted an extension," and accusing Defendants of "wasting Plaintiff's and this Court's time." Pl. Resp. at 1-2. According to Defendants' Reply, Defendants' counsel did reach out to Plaintiff, but received no reply. Def. Reply at 2-3.

3

pretenses." Pl. Resp. at 3.  Plaintiff seeks $170 in sanctions (the amount he spent on service fees), although he had already hired the service provider before the communication with Mr. Haskins at issue.  Id. at 2 (stating that Plaintiff sent the Complaint out for service on March 2, 2023, nearly two weeks before the events at issue).  The cost was therefore taken on by Plaintiff willingly – such is the price of bringing legal action, as he well knows given his experience initiating legal proceedings.

Furthermore, the Court finds no misconduct by defense counsel resulting in an unnecessary service fee.  If any misconduct exists, it is Plaintiff's decision to act with petulance rather than professionalism by ignoring communications from opposing counsel, filing a request for default judgment despite knowing that Defendants intended to answer, and forcing Defendants to "rack up billables" (Pl. Resp. at 8) in order to oppose Plaintiff's Request for Default Judgment. Plaintiff's behavior is gamesmanship of the lowest order.  His status as a pro se litigant may shield him from sanctions for the unnecessary legal fees that he forced the Defendants to accrue.  Haines v. Kerner, 404 U.S. 519, 520 (1971) (holding a pro se plaintiff to less stringent standards than trained lawyers).  However, Plaintiff does not deserve to benefit from the flexibility usually afforded to pro se litigants.  As a law student and habitual litigant with more legal experience, legal knowledge, and legal education[3] than most pro se litigants, Plaintiff did not behave with the level of decorum and respect for this Court and his opposing counsel that he should know is required. Such behavior will not be tolerated by this Court.  Plaintiff will be required to show cause as to why sanctions should not be granted in favor of the Defendants.

---

[3] The Court's independent research discloses that Plaintiff is a third-year law student.  Perrong v. Total Insurance Brokers, LLC, 8:20-cv-1905, 2021 WL 3036467, at *3 (M.D. Fla. April 2, 2021) (citing Perrong's Declaration (20-cv-1905 ECF 41-1) ¶ 5).

4

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Request for Default Judgment shall be **DENIED**. Defendants shall answer, move, or otherwise respond to the Complaint on or before May 13, 2023. Plaintiff's request for sanctions shall also be **DENIED**. Plaintiff shall provide briefing within fourteen (14) days showing cause as to why sanctions against him are not warranted.

An appropriate Order follows.